## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

TENNESSEE PRISONERS, MARVIN )
GREEN, ANTHONY HERVEY, JAMES )
JONES, KENDRICK MERRITT, )
NATHANIEL WILMOTH, THOMAS )     No. 2:20-cv-02781-JTF-atc
PRUITT, and JEFFREY COFFEY, )
          )
    Plaintiffs, )
          )
v. )
          )
TONY PARKER, F/N/U SELLERS, AND )
TAUREAN JAMES, )
          )
    Defendants. )

## ORDER REGARDING PLAINTIFFS' SIGNATURES AND PAYMENT OF
## 28 U.S.C. §§ 1914(a)-(b)'s CIVIL FILING FEE;
## AND DIRECTING CLERK TO SEND PLAINTIFFS CERTAIN FORMS

Between September 8 and 10, 2020, three form complaints involving Marvin Green and

Anthony Hervey -- designated as Counts I, II and III and each one postmarked on August 28, 2020

-- were filed under 42 U.S.C. § 1983 in the United States District Court for the Middle District of

Tennessee and docketed as Civil Actions Nos. 03-20-0773 through 03-20-0775. (*See* ECF No. 1;

ECF No. 1-1; ECF No. 1-2.) Green and Hervey signed the three complaints. The third complaint

had a list of other plaintiffs for Counts I and II, which included: James Jones, Kendrick Merritt,

Nathaniel Wilmoth, Thomas Pruitt, and Jeffrey Coffey.[1] (*See* ECF Nos. 1& 1-3; *see also* ECF No.

---

[1] The first two complaints list the plaintiff as "Tennessee Prisoners" and are signed by
Green and Hervey. (ECF No. 1 at PageID 6; ECF No. 1-1 at PageID 14.) The third complaint
lists the plaintiffs as Green and Hervey (ECF No. 1-2 at PageID 17), and it has an attachment
listing the additional plaintiffs.

1-2 at PageID 23.)  The plaintiffs appear to have all been incarcerated at Mark Luttrell Transitional

Center ("MLTC") in Memphis, Tennessee at the time of filing.  (ECF No. 1 at PageID 6 & 7; ECF

No. 1-1 at PageID 15; ECF No. 1-2 at PageID 17 & 23.)  The only factual allegations about

particular inmates in any of the complaints refer to grievances filed by Green and Hervey.  (ECF

No. 1-2 at PageID 21; *see also* ECF No. 3 at PageID 32–33 & 36–38.)  The allegations appear to

focus primarily on the supposed mistreatment of "Phase III residents" at MLTC, including denial

of educational and employment opportunities.  (ECF No. 1 at PageID 5-6; ECF No. 1-1 at PageID

13-14; ECF No. 1-2 at PageID 21-22.)

On September 28, 2020, Green filed a notion to consolidate the three cases and to certify

the proceeding as a class action.  (ECF No. 4.)  On October 26, 2020, Judge Waverly D. Crenshaw,

Jr. of the Middle District denied the motion.    (ECF No. 5 at PageID 46-47.)  Judge Crenshaw

stated that the motion did not comply with Fed. R. Civ. P. 11, which requires personal signatures

by each unrepresented party.  (*Id.* at PageID 47.)   The Judge directed the Clerk to unify the cases

and file the three pleadings as one complaint in Case 20-0773, as Green intended.  (*Id.* at PageID

47.)

Pursuant to 28 U.S.C. § 1404(a), Judge Crenshaw transferred the case to this Court because

Defendants James and Sellers reside in Memphis and Plaintiffs' claims concern alleged

mistreatment at MLTC in Memphis, which lies within the Western District of Tennessee.  (*Id.* at

PageID 48–49.)

Judge Crenshaw stated that no filing fee has been paid and no application for leave to

proceed *in forma pauperis* has been filed.  (*Id.* at PageID 47.)  He left that matter for the transferee

court to address.  (*Id.* at PageID 48.)

## I.     SIGNATURES

*Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Pursuant to Fed. R. Civ. P. 11(a), "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented by an attorney."  Furthermore, "[n]o *pro se* plaintiff may sign pleadings on behalf of another plaintiff." *Powers v. U.S. Dep't of Labor,* No. 08–2755, 2012 WL 1076301, at \*1 (W.D. Tenn. Mar. 29, 2012).

This Court agrees that the three form complaints were intended to be filed as one operative complaint (the Complaint), with Jones, Merritt, Wilmoth, Pruitt, and Coffey as plaintiffs along with Green and Hervey (collectively, the Plaintiffs).  (*See* ECF No. 5 at PageID 46.)  For that reason, this Court will regard all seven Plaintiffs as having signed the Complaint for Rule 11 purposes.  To make certain that all the Plaintiffs understand the implications of this determination, the Court notes the following provisions of Rule 11.

Rule 11(b) of the Federal Rules of Civil Procedure governs representations made to the Court.  This Rule establishes that when an attorney or unrepresented party signs, files, submits, or "later advocat[es]" a pleading, written motion, or the like, the attorney or party certifies to the Court that:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

3

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  In other words, a party's signature means that he is representing to the Court that the factual representations within the filing he signed are to be taken as true. Rule 11(c)(1) grants the Court discretion to "impose an appropriate sanction" on an attorney or party "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated."

Given these ramifications, any Plaintiff who does not intend his signature to be treated as his Rule 11 certification is **ORDERED** within thirty (30) days of the date of entry of this Order to notify this Court in writing that he did not sign the Complaint for Rule 11 purposes.  The Court will then dismiss with prejudice that Plaintiff as a party to the instant case.

Plaintiffs who proceed with the case are reminded that, pursuant to Rule 11, they must each personally sign future documents filed on their behalf in this case.

## II.     THE FILING FEE

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides a prisoner the opportunity to make a "down

---

[2]  The civil filing fee is $350.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees requires the Clerk to collect an administrative fee of $50 for filing any civil case for a total fee of $400.00. However, the additional $50 fee will not apply if a plaintiff is ultimately granted leave to proceed *in forma pauperis*.

payment" of a partial filing fee and pay the remainder in installments. *Id*. at 604. However, in order to take advantage of the installment procedures, a prisoner must complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit and a certified copy of his inmate trust account statement for the last six months. 28 U.S.C. § 1915(a)(2).

When multiple prisoners are plaintiffs, each prisoner is proportionately liable for the filing fee. *Berryman v. Freed*, No. 17-1924, 2018 WL 3954209, at *1 (6th Cir. Aug. 14, 2018) (citing *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137-38 (6th Cir. 1997) (mem.)).

Under 28 U.S.C. § 1915(g), a prisoner is prevented from proceeding *in forma pauperis* when the prisoner has repeatedly filed meritless lawsuits. Known as the "three-strikes rule," the provision states that a prisoner must pay the full filing fee upon the initiation of a new lawsuit if, while incarcerated or detained, he has had three or more federal actions or appeals dismissed on grounds that the action was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this provision lies in cases where the prisoner alleges imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To satisfy the imminent danger exception, a prisoner must allege that a threat or prison condition is "real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted).

As stated *supra*, no Plaintiff in this case has paid the filing fee or made an application to proceed *in forma pauperis*.

### A. Three-Strikes Plaintiff Green

Before the instant lawsuit, Green previously filed at least three civil rights lawsuits in this district while he was incarcerated. Those prior cases were dismissed for failure to state a claim or as frivolous. *See Green v. Bell, et al.*, No. 19-cv-2526-SHL-dkv (W.D. Tenn. Mar. 13, 2020)

(noting that this District has dismissed at least three of Green's prior civil rights lawsuits for failure to state a claim or as frivolous) (listing *Green v. Jones, et al.*, No. 2:14-cv-02306-JDT-tmp (W.D. Tenn. Nov. 24, 2014) (dismissed for failure to state a claim); *Green v. Lester*, No. 2:14-cv-02009-JDT-tmp (W.D. Tenn. July 2, 2014) (same); *Green v. Lester*, No. 2:14-cv-02025-JDT-dkv (W.D. Tenn. July 2, 2014) (same)).  Green has also filed several cases in other districts in this State that were dismissed for failure to state a claim.  *See*, *e.g.*, *Green v. State of Tennessee, et al.*, No. 2:14-cv101-RLJ (E.D. Tenn. Feb. 23, 2015); *Green v. Attorney General, et al.*, No. 3:14-cv-2267 (M.D. Tenn. Dec. 4, 2014); *Green v. State of Tennessee*, No. 3:14-cv-01614 (M.D. Tenn. Aug. 14, 2014); *Green v. Coffey et al.*, No. 2:06-cv-0226 (E.D. Tenn. June 15, 2007).  Accordingly, Green may not proceed *in forma pauperis* in this case unless he first demonstrates that he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).

Therefore, Green is **ORDERED** to either: (1) submit, within thirty (30) days after the date of this Order, his proportionate share of the entire $400 civil filing fee; or (2) show he is entitled to proceed *in forma pauperis* despite the three-strikes rule by (a) demonstrating imminent danger of serious physical injury within the meaning of § 1915(g), (b) submitting a properly completed and executed application to proceed *in forma pauperis*, and (c) providing certified copies of his inmate trust account statement for the last six months.  The Clerk is **DIRECTED** to mail Green a copy of the prisoner *in forma pauperis* affidavit form along with this Order and make a notation on the docket stating the date of mailing.  If Green needs additional time to submit any of the required documents, he may, within 14 days after the date of this Order, file a motion for an extension of time.

### B.  MLTC Plaintiffs Wilmoth, Pruitt & Coffey

Wilmoth, Pruitt, and Coffey remain incarcerated at MLTC at the present time according to the TDOC Felony Offender Information.[3]  They are each **ORDERED** to submit, within thirty (30) days after the date of this Order, either: (1) their proportionate shares of the entire $400 civil filing fee; or (2) a properly completed and executed § 1915(a)(2) application to proceed as paupers, including an *in forma pauperis* affidavit and certified copy of their inmate trust account statements for the last six months.  The Clerk is **DIRECTED** to mail Wilmoth, Pruitt, and Coffey a copy of the prisoner *in forma pauperis* affidavit form along with this Order and make a notation on the docket stating the date of mailing.  If they need additional time to submit any of the required documents, they may, within 14 days after the date of this Order, file a motion for an extension of time.

### C.  Released Plaintiffs Jones, Merritt & Hervey

According to TDOC Felony Information, Plaintiffs Jones, Merritt, and Hervey were released from MLTC in October 2020.  Under these circumstances, the Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *McGore*, 114 F.3d at 613.

Therefore, Jones, Merritt, and Hervey are each **ORDERED** to submit within thirty (30) days after the date of this Order either: (1) their proportionate shares of the entire $400 filing fee; or (2) a non-prisoner *in forma pauperis* affidavit.  The Clerk is **DIRECTED** to mail Jones, Merritt, and Hervey a copy of the non-prisoner *in forma pauperis* affidavit form along with this Order and make a notation on the docket stating the date of mailing.  If they need additional time to submit

---

[3] *See* TDOC Felony Offender Information, https://apps.tn.gov/foil/ (last accessed Nov. 29, 2020).

any of the required documents, they may, within 14 days after the date of this order, file a motion

for an extension of time.

### D.  Failure to Comply

If any Plaintiff fails to comply with this Order in a timely manner, the Court may, without

further notice, dismiss that Plaintiff as a party to the Complaint for failure to prosecute, pursuant

to Federal Rule of Civil Procedure 41(b).  *See McGore*, 114 F.3d at 605.

## III.   CHANGE OF ADDRESS

If any presently-incarcerated Plaintiff is transferred to a different prison or released, he is

**ORDERED** to notify the Court immediately, in writing, of his change of address.  *See Barber v.*

*Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* plaintiff's]

address changed, she had an affirmative duty to supply the court with notice of any and all changes

in her address").  Failure to abide by this requirement may likewise result in the dismissal of that

Plaintiff's claims without further notice, for failure to prosecute.

## IV.   CONCLUSION

For the reasons explained above:

(1)     Any Plaintiff who does not intend his signature on the Complaint to be treated as

his Fed. R. Civ. P. 11 certification is **ORDERED**, within thirty (30) days of the date of entry of

this Order, to notify this Court in writing.

(2)     Plaintiff Green is **ORDERED**, within thirty (30) days after the date of this Order,

to either: (1) submit his proportionate share of the entire $400 civil filing fee; or (2) demonstrate

(a) imminent danger of serious physical injury within the meaning of 28 U.S.C. § 1915(g), along

with (b) submitting a properly completed and executed application to proceed *in forma pauperis*

and (c) providing a certified copy of his inmate trust account statement for the last six months.

(3)     MLTC Plaintiffs Wilmoth, Pruitt, and Coffey are <u>each</u> **ORDERED** to submit, within thirty (30) days after the date of this Order, either: (a) their proportionate shares of the entire $400 civil filing fee; or (b) a properly completed and executed § 1915(a)(2) application to proceed as paupers, including (i) a prisoner *in forma pauperis* affidavit and (ii) a certified copy of their inmate trust account statement for the last six months.  If Wilmouth, Pruitt, and/or Coffey fails to comply with this order in a timely manner, the Court will deny such Plaintiff leave to proceed *in forma pauperis*, assess the entire $400 filing fee from his inmate trust account without regard to the installment procedures, and dismiss his claims in the Complaint without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

(4)     Released Plaintiffs Jones, Merritt, and Hervey are <u>each</u> **ORDERED** to submit within thirty (30) days after the date of this Order either: (a) their proportionate shares of the entire $400 filing fee; or (b) a non-prisoner *in forma pauperis* affidavit.  If Jones, Merritt, and/or Hervey fails to comply with this order in a timely manner, the Court will deny such Plaintiff leave to proceed *in forma pauperis* and dismiss his claims in the Complaint without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is **DIRECTED** to mail a copy of this order to each Plaintiff at his last known address of record.  In the event the mailed order is returned as undeliverable, the Court shall dismiss the respective Plaintiffs' claims for failure to notify the Court of their present address.  *See Barber*, 1994 WL 163765, at *1.

Upon expiration of that 30-day period, the Court will proceed, as reasonably practicable, to screen the Complaint to assess whether it states a claim on which relief may be granted.[4]  *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED**, this 3rd day of December, 2020.

*s/John T. Fowlkes, Jr.*

JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE

---

[4]  The Court makes no finding at this time as to whether any Plaintiff should not be joined in this matter.  Under Fed. R. Civ. P. 20(a)(1), "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."  In the event of misjoinder, "[o]n motion or on its own, the court may at any time, on just terms, ... drop a party."  Fed. R. Civ. P. 21.  While nothing in the PLRA prohibits the joining of multiple prisoners as plaintiffs under Rule 20 if they otherwise satisfy its provisions, a district court has broad authority with regard to joinder under the Rule, which is discretionary.  *See*, *e.g.*, *Ofori v. Clarke*, No. 7:18-CV-00587, 2019 WL 4344289, at *2 (W.D. Va. Sept. 12, 2019) (internal citations omitted).  It is not clear at the early stage of this case whether, *inter alia*: all Plaintiffs will proceed with their claims by complying with the terms of this order; or the claims of such Plaintiffs arise from the same transaction or occurrence.  Such matters could render consideration of Rule 20(a) either necessary or moot.  Thus, the Court reserves decision on whether any Plaintiff has been misjoined.  *See* *Jackson v. Berean*, No. 19-1583, 2019 WL 6208147, at *2 (6th Cir. Nov. 19, 2019) (where parties have been misjoined, a district court may drop a party or sever a claim against a party).