# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MARVIN GREEN, ANTHONY HERVEY, JAMES JONES, KENDRICK MERRITT, NATHANIEL WILMOTH, THOMAS PRUITT, and JEFFREY COFFEY,<br><br>Plaintiffs,<br><br>v.<br><br>TONY PARKER, F/N/U SELLERS, AND TAUREAN JAMES,<br><br>Defendants. | No. 2:20-cv-02781-JTF-atc |

**ORDER MODIFYING THE DOCKET,
GRANTING MOTION TO AMEND (ECF NO. 16),
GRANTING MOTION TO ADD COUNTS (ECF NO. 18),
DISMISSING COMPLAINT WITHOUT PREJUDICE (ECF NO. 1),
GRANTING LEAVE TO AMEND,
DENYING MOTION FOR AN INJUNCTION (ECF NO. 10)
& DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 23)**

Before the Court for consideration are the following: (1) the Complaint filed on September 8, 2020 by Marvin Green, Thomas Pruitt, and Nathaniel Wilmoth (ECF Nos. 1, 1-1 & 1-2)[1]; (2) the motion to amend filed on December 31, 2020 by Pruitt (ECF No. 16); (3) the motion to add counts filed on January 4, 2021 by Wilmoth (ECF No. 18); and (4) the motion for injunction filed on December 21, 2020 by Green, Pruitt, and Wilmoth. (ECF No. 10.)

---

[1] By separate order of this Court entered contemporaneously with the decision herein, all claims in the Complaint by Plaintiffs Jeffrey Coffey, Anthony Hervey, James Jones, and Kendrick Merritt were dismissed for failure to comply with orders of this Court and for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

The Clerk is directed to remove "Tennessee Prisoners" as plaintiffs on the docket, as this matter was neither filed as, nor certified as, a class action.

## I.  PROCEDURAL BACKGROUND

Between September 8 - 10, 2020, three form complaints involving Green and Hervey were filed under 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee and docketed as three separate civil actions.  (*See* ECF No. 1 (styled as "Count I" by Plaintiffs); ECF No. 1-1 (styled as "Count II" by Plaintiffs); and ECF No. 1-2 (styled as "Count III" by Plaintiffs).)  Green and Hervey signed the three complaints.  Counts I and II list the plaintiff as "Tennessee Prisoners."  (ECF No. 1 at PageID 6; ECF No. 1-1 at PageID 14.)  Count III had a list of other plaintiffs for Counts I and II, including: Jones, Merritt, Wilmoth, Pruitt, and Coffey.  (ECF No. 1-2 at PageID 23.)  Count III lists the plaintiffs as Green and Hervey, and it has an attachment listing the additional plaintiffs.  (ECF No. 1-2 at PageID 17 & 23.)

The Plaintiffs all appear to have been incarcerated at Mark Luttrell Transitional Center ("MLTC") in Memphis, Tennessee at the time of filing.  (ECF No. 1 at PageID 6 & 7; ECF No. 1-1 at PageID 15; ECF No. 1-2 at PageID 17 & 23.)  The only factual allegations about particular inmates in any of the complaints refer to grievances filed by Green and Hervey.  (ECF No. 1-2 at PageID 21; *see also* ECF No. 3 at PageID 32–33 & 36–38.)  The allegations appear to focus primarily on the supposed mistreatment of "Phase III residents" at MLTC, including denial of educational and employment opportunities.  (ECF No. 1 at PageID 5-6; ECF No. 1-1 at PageID 13-14; ECF No. 1-2 at PageID 21-22.)

On October 26, 2020, the Middle District of Tennessee transferred the case to this Court.  (ECF No. 5.)  On December 3, 2020, this Court entered an order ruling that Counts I, II, and III were intended to be filed as one operative pleading (the Complaint), with Jones, Merritt, Wilmoth,

Pruitt, Coffey, Green, and Hervey as Plaintiffs. (ECF No. 8; *see also* ECF No. 5 at PageID 46.) The December 3 order notified Plaintiffs that the Court shall regard all of them as having signed the Complaint for Rule 11 purposes. (ECF No. 8 at PageID 7.) Plaintiffs' deadline to notify the Court otherwise expired on Monday, January 4, 2020. (*Id*. at PageID 12.)

On December 21, 2020, Green, Pruitt, and Wilmoth filed a "Motion For An Injunction In Light Of Procedural Due Process." (ECF No. 10.) On December 31, 2020, Pruitt filed a "Motion To Be Added On Complaint Or Count III." (ECF No. 16.) On January 4, 2021, Wilmoth filed a similar motion titled the same. (ECF No. 18.)

## II.     LEGAL STANDARDS

### A.     Screening Requirements

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

3

Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

    **B.**    <u>**Requirements To State A Claim Under 42 U.S.C. § 1983**</u>

Plaintiffs filed their Complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

4

### III.   ANALYSIS

Given that Pruitt's Motion To Amend (ECF No. 16) and Wilmoth's Motion To Add Counts (ECF No. 18) were timely filed, those motions are **GRANTED**. The Court will consider the claims set forth in those motions in the screening of the Complaint set forth below.

#### A. The Complaint

##### 1. Counts I & II:  Green's Claims Against Parker & James For Deprivation Of Prison Employment & Education

Count I alleges Tennessee Department of Correction (TDOC) Commissioner Parker "denied the residents of Phase III here at [MLTC] due process of law when he stop[ped] all the schooling and work of Phase III." (ECF No. 1 at PageID 5.) Count I argues that "secondary schooling and work programs are essential elements for transitioning [inmates]." (*Id.*) The programs stopped on March 2, 2020. (*Id.*)[2] Green and Hervey signed Count I. (*Id.* at PageID 6.) Count I seeks a show cause order compelling Parker to "declare if it is true or not that he stop[ped] schooling and work release at MLTC." (*Id.*) The Court construes Count I as asserting a due process claim by Green[3] against Parker for deprivation of employment and schooling in prison. (ECF No. 1 at PageID 5.)

Count II makes similar allegations against MLTC's Superintendent Taurean James. It alleges that James "has denied Phase III residents here schooling and/or work." (ECF No. 1-1 at PageID 13 (alleging due process deprivation and infliction of cruel and unusual punishment by James).) Green and Hervey signed Count II. (*Id.* at PageID 14.) Count II asks for MLTC's Phase III residents "to return to school and/or work," along with "compensation for 40 hours/week of

---

[2] The Court notes that this program stoppage occurred around the same time when much of the nation, and indeed the world, began to recognize COVID-19's threats, particularly in group settings.

[3] *See* footnote 1, *infra*, regarding Hervey's dismissal from this case.

5

work from March 2020 until now." (*Id.*)  The Court construes Count II as asserting a claim by Green against James for deprivation of employment and schooling in prison.  (ECF No. 1-1 at PageID 13.)

Green, however, has no Fourteenth Amendment property or liberty interest in his prison job.  The loss of a prison job or the ability to participate in rehabilitative or educational programs does not violate the Constitution.  *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("Although job and educational opportunities diminished marginally, . . . deprivations of this kind simply are not punishments.  We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs"); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) (no property or liberty interest in prison employment); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("It is well established, however, that no prisoner has a constitutional right to a particular job or to any job").

Therefore, Green does not set forth a claim to relief against Parker or James in their individual capacities for loss of prison employment or schooling.

### 2. Count III:  Green, Pruitt & Wilmoth's Claim Of Inadequate Grievance Process Against Sellers

Count III alleges that MLTC's grievance chairperson Corporal Sellers violated residents' First and Fourteenth Amendment rights as to MLTC's grievance process.  It alleges that Sellers refused to register grievances in MLTC's system concerning Green's and Hervey's complaints about bed assignments.  (ECF No. 1-2 at PageID 21 (Green complained his "bed assignment was being changed from Phase III to Phase II without due cause," and Hervey complained that "Phase I and Phase II are being allowed to transition on but not Phase III").)  Plaintiffs allege that Sellers

6

refused to "proceed" their grievances." (*Id.*) Count III lists Green, Hervey, Jones, Merritt, Wilmoth, Pruitt, and Coffey as Plaintiffs. (*Id.* at PageID 22-23.) Count III seeks a declaration that TDOC's grievance policy "has been breached." (*Id.* at PageID 22.) Pruitt's motion to be added asks to join in Count III. (ECF No. 16.) Wilmoth's motion seeks the same. (ECF No. 18.) Accordingly, the Court construes Count III as asserting a claim by Green, Pruitt, and Wilmoth against Sellers for inadequate prison grievance procedure.

Specifically, these three Plaintiffs allege that Sellers has "refus[ed] [them] the way to remedy our complaint[s] and exhaust our claim through the grievance process." (ECF No. 1-2 at PageID 21.) Pruitt's TDOC grievance about employment and education access at MLTC is in the record before the Court (ECF No. 16-1 at PageID 32-33), although Green's and Wilmoth's specific grievances are not. (*See* ECF Nos. 1, 1-1, 1-2 & 18.)[4]

"[T]here is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Michigan Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Thus, prisoners do not possess a constitutional right to a prison grievance procedure. *See Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002); *LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (holding that plaintiff's allegation that jail staff ignored the grievances he filed did not state a § 1983 claim "because there is no inherent constitutional right

---

[4] Thus, the record before the Court at this time does not demonstrate Green's and Wilmoth's sufficient exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). Nothing in the record shows either the content of, or the submission to Defendants, of Green's and Wilmoth's supposed grievances. (*See* ECF No. 1 at PageID 4 (Green refers generally to "fil[ing] a grievance and tr[ying] to talk to the staff members. The grievance was never filed in Tomis and the conversation was not taken at all"); ECF No. 18 at PageID 56-57 (Wilmoth states that "if [I] attempted to file a grievance, [I] would be denied due to the series of occurrences with other plaintiffs").) Nevertheless, because administrative failure to exhaust is an affirmative defense rather than a pleading requirement, *see Jones v. Bock*, 127 S.Ct. 910, 919 (2007), this Court must proceed to screen Plaintiffs' inadequate grievance claims.

to an effective prison grievance procedure"). The Sixth Circuit has affirmed dismissal of claims similar to Green's, Pruitt's, and Wilmoth's in the instant matter:

> Walker appears to claim that MDOC violated his constitutional rights when the grievance coordinator failed to explain the basis for his rejection of numerous grievances. However, there is no constitutional right to a detailed opinion from a grievance coordinator in a prison grievance system … Accordingly, his complaint does not state a claim for which relief can be granted with regard to the grievance coordinators' failure to state the reasons for their dismissals of his grievances.

*Walker*, 128 F. App'x at 447. Therefore, the mere fact that Sellers "respon[ded] [to grievances] [by simply saying] 'Commissioner Parker has said to stop all programs for Phase III'" (ECF No. 1 at PageID 5) does not show constitutional deprivation. Green, Pruitt, and Wilmoth fail to allege a claim for inadequate prison grievance process against Sellers in his individual capacity.

### 3. Official Capacity Claims

With regard to TDOC Commissioner Parker, Superintendent James, and Chairperson Sellers, any official capacity claims against them are treated as claims against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs, however, do not state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a

private person's suit against a State." (citations omitted)).  Tennessee has not waived its sovereign immunity and therefore may not be sued for damages.  *See* Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.

The Supreme Court has clarified, however, that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985), and *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) ("[T]he [eleventh] amendment does not preclude actions against state officials sued in their official capacity for prospective injunctive or declaratory relief." (citing *Ex Parte Young*, 209 U.S. 123)).

To proceed with official-capacity claims for prospective injunctive relief against Defendants, Plaintiffs must allege that the State of Tennessee was responsible for the violation of their constitutional rights because of a practiced custom or policy.  *Kentucky v. Graham*, 473 U.S. 159, 16-67 (1985); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  The Sixth Circuit has held that to establish the requisite causal link between constitutional violation and policy, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993).  The custom or policy must be "the moving force" behind the deprivation of the plaintiff's rights.  *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 606-07 (6th Cir. 2007) (citing *Monell*, 436 U.S. at 694).  Because Plaintiffs do not allege that a State policy was the "moving force" behind the alleged violation of their rights, they do not

9

state a claim against Parker, James, or Sellers in their official capacities -- even with respect to Plaintiffs' claims for injunctive relief. (*See* ECF No. 1 at PageID 6; ECF No. 1-1 at PageID 14; ECF No. 1-2 at PageID 22.)

### 4. Claims On Behalf Of Fellow MLTC Inmates

Plaintiffs assert claims on behalf of not only themselves but also "the Residents of Phase III here at Mark Luttrell Transition Center." (ECF No. 1 at PageID 5; ECF No. 1-1 at PageID 13.) (*See also* ECF No. 1-2 at PageID 21.) Their efforts are not well taken. Green, Pruitt, and Wilmoth cannot sue for deprivations of the rights of their fellow inmates.

"To state a case or controversy under Article III [of the United States Constitution], a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). The constitutional minimum of standing contains three elements:

> First, the plaintiff must have suffered an "injury in fact" -- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of .... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks, footnote, and citations omitted); *see also Lance v. Coffman*, 549 U.S. 437, 439 (2007). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Winn*, 563 U.S. at 134 (internal quotation marks and citation omitted). Unless a plaintiff suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001); *see also Corn v. Sparkman*, No. 95-5494, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights") (citation omitted).

Therefore, Green, Pruitt, and Wilmoth lack standing to assert claims on behalf of "the Residents of Phase III here at Mark Luttrell Transition Center."

### B. Motion For Injunctive Relief

Green, Pruitt, and Wilmoth's motion for injunctive relief seems to seek employment and education from Defendants under the terms of a "work release job placement policy." (ECF No. 10 at PageID 19 ("The Plaintiffs signed a contract to maintain employment until released from custody; and education if desired").) Their motion provides no details about their requested relief or the supposed basis for an injunction.

In determining whether to issue a temporary restraining order or preliminary injunction, a district court must consider the following four factors: "(1) whether the claimant has demonstrated a strong likelihood of success on the merits, (2) whether the claimant will suffer irreparable injury in the absence of a stay, (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay." *Workman v. Bredesen,* 486 F.3d 896, 905 (6th Cir. 2007); *see also Northeast. Ohio Coalition for the Homeless v. Blackwell,* 467 F.3d 999, 1009 (6th Cir. 2006) (same). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington–Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002); *see also Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir. 2000) ("the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

After careful review of their motion (ECF No. 10) and exhaustive consideration of the record, the Court finds that Green, Pruitt, and Wilmoth have not demonstrated: a strong likelihood of success on the merits; that the relief they seek is necessary to avoid substantial harm to others;

or that the public interest is best served by granting them the injunctive relief they seek. *See Workman,* 486 F.3d at 905. In fact, their motion does not even address any of the pertinent factors. For these reasons, their motion does not merit the relief it seeks and is denied.

## IV. CONCLUSION

For all of the reasons explained above:

(1) Pruitt's motion to amend (ECF No. 16) is **GRANTED**;

(2) Wilmoth's motion to add counts (ECF No. 18) is **GRANTED**;

(3) The complaint's claims as to Green, Pruitt, and Wilmoth are **DISMISSED WITHOUT PREJUDICE** in their entirety for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiffs' requests for a show cause order (ECF No. 1 at PageID 6); injunctive relief (ECF No. 1-1 at PageID 14); appointment of counsel (*id.*); declaratory relief (ECF No. 1-1 at PageID 22); and court costs (*id.*) are **DENIED** as moot;

(4) Leave to amend is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order. Plaintiffs are advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Plaintiffs fail to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment;

(5)  Plaintiffs' motion for injunction (ECF No. 10) is **DENIED**; and

(6)  Plaintiffs' request for appointment of counsel (ECF No. 23) is **DENIED** as moot, given that the Court is dismissing the Complaint.

**IT IS SO ORDERED**, this 8th day of January, 2021.

                                          *s/John T. Fowlkes, Jr.*
                                          JOHN T. FOWLKES, JR.
                                          UNITED STATES DISTRICT JUDGE