IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| MARVIN GREEN, ANTHONY HERVEY, JAMES JONES, KENDRICK MERRITT, NATHANIEL WILMOTH, THOMAS PRUITT, and JEFFREY COFFEY, | ) ) ) ) | |
| | ) | No. 2:20-cv-02781-JTF-atc |
| Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| TONY PARKER, F/N/U SELLERS, AND TAUREAN JAMES, | ) ) ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO CERTIFY CLASS (ECF NO. 27),
DENYING MOTION FOR RECONSIDERATION (ECF NO. 29), AND
GRANTING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 28)**

Before the Court for consideration are: (1) Marvin Green's, Thomas Pruitt's, and Nathaniel Wilmoth's (collectively, the Plaintiffs) motion to certify case as class action (ECF No. 27 (Certification Motion)); (2) Plaintiffs' motion for reconsideration of this Court's January 8, 2021 Order Dismissing Complaint Without Prejudice and Granting Leave To Amend (the Order) (ECF No. 29 (Reconsideration Motion)); and (3) Plaintiffs' motion for extension of time to amend complaint. (ECF No. 28 (Extension Motion).)  For the reasons explained below, the Certification Motion and Reconsideration Motion are denied, and the Extension Motion is granted.

**I.      CERTIFICATION MOTION**

In the January 8, 2021 Order, the Court directed the Clerk to "remove 'Tennessee Prisoners' as plaintiffs, as this matter was neither filed as, nor certified as, a class action."  (ECF

No. 26 at PageID 81.)  On January 25, 2021, Plaintiffs moved to certify this case as a class action because "there is [sic] more than two plaintiffs with all the same common facts." (ECF No. 27 at PageID 93.)  Their Certification Motion offers no basis for class certification, and the record itself suggests to the Court no plausible basis for certification.

>Federal Rule of Civil Procedure 23(a) provides:
>
>One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>(1) the class is so numerous that joinder of all members is impracticable;
>(2) there are questions of law or fact common to the class;
>(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>(4) the representative parties will fairly and adequately protect the interests of the class.

"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: ... (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b).

The United States Supreme Court has held that a plaintiff must prove, not merely plead, each of Rule 23's requirements. *See*, *e.g.*, *Walmart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).  That is, movants must satisfy all of Rule 23(a)'s four prerequisites -- *i.e.*, numerosity, commonality, typicality, and adequate representation -- and they must also demonstrate that the case falls within at least one of Rule 23(b)'s subcategories. *See*, *e.g.*, *Hicks v. State Farm Fire & Casualty Co.*, 965 F. App'x 452, 457 (6th Cir. 2020).  District courts must "conduct a 'rigorous analysis' into whether the prerequisites of Rule 23 are met before certifying a class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1078–79 (6th Cir. 1996) (internal citation omitted).

The Court turns now to such rigorous analysis in Plaintiffs' case.

(1)     As to Rule 23(a) numerosity, the putative class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Courts evaluate whether the joinder persons affected by the lawsuit would be impractical. If not, the case should be brought as a regular civil action. *See*, *e.g.*, *Fitzgerald v. P.L. Mktg., Inc.*, No. 17-2251, 2020 WL 7764969, at *7 (W.D. Tenn. Feb. 13, 2020) (internal citations omitted). Here, Plaintiffs' mere statement about there being "more than two plaintiffs" in this case, ECF No. 27 at PageID 93, is clearly inadequate to meet Rule 23(a)(1)'s numerosity prerequisite. Furthermore, numerosity for certification purposes "is not a strictly numerical issue." *Id.*

(2)     As to Rule 23(a) commonality, Plaintiffs' "claims must depend on a common contention ... of such a nature that it is capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 542 (6th Cir. 2012) (quoting *Dukes*, 564 U.S. at 350). Plaintiffs' conclusory and unsupported contention that they have "all the same facts," ECF No. 27 at PageID 93, is woefully inadequate for Rule 23(a) commonality purposes. Plaintiffs do not demonstrate that their claims and those of any putative class share a common legal question that is capable of classwide resolution. In fact, Plaintiffs do not even explain what they refer to regarding "all the same facts." (*Id.*) The Certification Motion's dearth of support leaves this Court unable to determine whether individualized proofs would be necessary to resolve liability questions on a classwide basis.

(3)     Rule 23(a) typicality requires that "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A sufficient relationship must exist between the injury to named plaintiffs and the conduct affecting the class,

such that "the court may properly attribute a collective nature to the challenged conduct." *In re Am. Med. Sys. Inc.,* 75 F.3d 1069, 1082 (6th Cir.1996). "[A] plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *Id.* Here, the Certification Motion does not in any way address, much less successfully demonstrate, Rule 23(a) typicality. For example, since the Certification Motion does not offer any proposed definition of a putative class, the Court is unable to determine whether the three named Plaintiffs' claims arise from the same occurrences as those of class members on whose behalf they purport to sue.

(4)     Finally, as to Rule 23(a)'s adequacy of representation prong, courts must find that "the representative party will fairly and adequately protect the interests of the class. This requirement is essential to due process as a final judgment is binding on all class members." *Bradberry v. John Hancock Mut. Life Ins. Co.,* 217 F.R.D. 408, 414 (W.D. Tenn. 2003) (citation omitted). There are two criteria for determining adequacy of representation: (1) class representatives' common interests with unnamed class members; and (2) representatives' interest in vigorous prosecution of class interests through qualified counsel. *Senter v. Gen. Motors Corp.* 532 F.2d 511, 524-25 (6th Cir. 1976) (citation omitted). Adequacy of representation mandates that the named plaintiffs not have a conflict of interest in representing the absent class members. *Am. Med. Sys.,* 75 F.3d at 1083. Here, the Certification Motion is completely silent as to the adequacy of representation prong and leaves the Court unable to conduct the mandated rigorous analysis. *See Am. Med. Sys.,* 75 F.3d at 1078–79.

For all of these reasons, Plaintiffs' Certification Motion falls far short of meeting Fed. R. Civ. P. 23(a)'s prerequisites to class certification, which renders unnecessary any discussion of Rule 23(b)(3)'s requirements. Their Certification Motion is **DENIED**.

## II.     RECONSIDERATION MOTION

The January 8, 2021 Order ruled that Green failed to state a claim to relief for deprivation of prison employment and education. (ECF No. 26 at PageID 84-85.) Plaintiffs' January 25, 2021 Reconsideration Motion argues that the Order "misconstrued plaintiff [sic] factual allegations."[1] (ECF No. 29 at PageID 99.) The Motion contends that the § 1983 complaint in this case alleges deprivation of constitutional rights regarding "jobs and education … in society … not in prison." (*Id*. at PageID 100.)

The Court construes Plaintiffs' Reconsideration Motion as an application pursuant to Fed. R. Civ. P. 60(b). Under Rule 60(b), a court may grant a party relief from a final judgment because of one of several defined reasons, including mistake or inadvertence, newly discovered evidence, fraud, if there is a defect in the judgment, or for any other reason justifying relief. *See* Fed. R. Civ. P. 60(b)(1)–(6). "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Lewis v. Alexander,* 987 F.2d 392, 396 (6th Cir.1993). "A Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp*., 477 F.3d

---

[1] The Order found that Counts I and II of the complaint assert due process claims by Green for deprivation of employment and school. (ECF No. 26 at PageID 84.) Factual allegations in the complaint regarding Green and Hervey refer to the prison grievance process. (*See* ECF No. 1-2 at PageID 21; see also ECF No. 3 at PageID 32–33 & 36–38.) Pruitt and Wilmoth had filed motions to join solely in Count III regarding inadequate prison grievance process. (ECF No. 26 at PageID 85-87; No. 16; No. 18.) Thus, the Court construes the Reconsideration Motion's "… plaintiff factual allegations …" language as intending the singular possessive. That is, the Motion intended to indicate "Plaintiff's" and refer exclusively to Green. Accordingly, the Court discusses the Reconsideration Motion in the context of Green's claim.

However, even if Wilmoth and Pruitt intended to assert claims concerning education and employment that are similar to Green's claims, the Reconsideration Motion's disposition would remain the same. None of the Plaintiffs have made the requisite showing to merit reconsideration of the Order. However, the Court makes no express finding on the scope of Pruitt's and Wilmoth's due process claims, if any. They have never notified the Court of their intent to pursue such cause(s) of action.

368, 373 (6th Cir. 2007). "Motions to reconsider ... are used sparingly and in rare circumstances." *In re Regions Morgan Keenan Sec., Derivative & ERISA Litig.*, Nos. 2:09-MD-2009-SHM & 12-2341, 2013 WL 2319271, at *2 (W.D. Tenn. May 28, 2013) (internal citation omitted)). A court should not grant a motion to revise its prior ruling "in the vast majority of instances ...." *Id*. (internal citation omitted). "Rule 60(b) [of the Federal Rules of Civil Procedure] does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 384 (6th Cir. 2001). Plaintiffs' Reconsideration Motion does not fit within this framework.

Their Motion relies on a theory that they suffered constitutional deprivation due to Mark Luttrell Transition Center's (MLTC) stoppage of educational and employment programs (Programs) for inmates. The Court does not agree. Although the "freedom to choose and pursue a career, 'to engage in any of the common occupations of life,' qualifies as a liberty interest which may not be arbitrarily denied by the State," *Wilkerson v. Johnson*, 699 F.2d 325, 328 (6th Cir. 1983) (quoting *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923)) (citation omitted), the Sixth Circuit has also held that there is no "general right to private employment." *Cutshall v. Sundquist*, 193 F.3d 466, 479 (6th Cir. 1999) (noting the lack of cases recognizing a constitutional "general right to private employment")); *see also Doe v. Haslam*, No. 3:16-cv-02862, 2017 WL 5187117, at *16 (M.D. Tenn. Nov. 9, 2017) (following *Cutshall* and holding that there is no general right to private employment). Therefore, the Court applies a rational basis test to the MLTC's cessation (the Restriction) of the Programs. *See id.* (citing *Washington v. Glucksberg*, 521 U.S. 702, 728 (1997)).

To survive rational basis scrutiny, the challenged action need only be rationally related to a legitimate government interest. *See Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010).

However, Green, Pruitt, and Wilmoth have not alleged that the Restriction lacked a rational basis for protection of a legitimate interest. Rather, the record suggests a governmental interest that is rationally related to the Restriction -- *i.e.*, to protect inmates and the public during the COVID-19 pandemic. (*See* ECF No. 26 at PageID 84 n. 2.) Moreover, the Restriction does not altogether prevent inmates such as Green from obtaining private employment after their release from MLTC.[2] According to Plaintiffs' complaint, the Programs are only a part of "transitioning" (ECF No. 1 at PageID 5) inmates to society.

In sum, Plaintiffs have not demonstrated mistake, inadvertence, newly discovered evidence, fraud, or defect in the Order. Their Reconsideration Motion's theory of a constitutional right to private employment is fatally flawed. As the Order found, the inability to participate in inmate transitional programs for education and employment does not violate the Constitution. (ECF No. 26 at PageID 85 (citations omitted).) Nothing in the Reconsideration Motion persuades the Court that the Order was incorrect about prisoners' constitutional rights to jobs, whether within or outside a jail. For all of these reasons, the Reconsideration Motion (ECF No. 29) is **DENIED**.

### III.   EXTENSION MOTION

Plaintiffs' Extension Motion seeks a "stay [of] the filing of [an] amended complaint" until disposition of the Reconsideration Motion. (ECF No. 28 at PageID 96.)

Given that: the Order previously afforded leave to amend (ECF No. 26 at PageID 91); Plaintiffs are appearing *pro se*; and they demonstrated interest (*e.g.*, ECF No. 29) in clarifying the

---

[2] According to the most current information available on the Tennessee Department of Correction website, Green, Pruitt, and Wilmoth remain incarcerated at MLTC. (*See* https://apps.tn.gov/foil-app/details.jsp (Green's sentence end-date is August 18, 2021; Wilmoth's sentence end-date is June 23, 2022; and Pruitt's sentence end-date is February 12, 2021).)

7

Order's ruling before proceeding to the next phase of prosecuting their claims, the Court finds good cause for extending their deadline to amend. The Extension Motion (ECF No. 28) is **GRANTED**. Any amendment must be filed within twenty-one (21) days after the date of this order and must be filed under the terms set forth in the prior Order (ECF No. 26 at PageID 91).

  **IT IS SO ORDERED**, this 12th day of February, 2021.

              *s/John T. Fowlkes, Jr.*
              JOHN T. FOWLKES, JR.
              UNITED STATES DISTRICT JUDGE