IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARVIN GREEN, ANTHONY HERVEY, JAMES JONES, KENDRICK MERRITT, NATHANIEL WILMOTH, THOMAS PRUITT, and JEFFREY COFFEY,<br><br>Plaintiffs,<br><br>v.<br><br>TONY PARKER, F/N/U SELLERS, AND TAUREAN JAMES,<br><br>Defendants. | No. 2:20-cv-02781-JTF-atc |

**ORDER DENYING MOTION FOR EXTENSION OF TIME TO AMEND (ECF NO. 38), DISMISSING PROPOSED AMENDED COMPLAINT (ECF NO. 39) AS UNTIMELY, DENYING LEAVE TO AMEND, DISMISSING CASE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*, AND RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE UNDER 28 U.S.C. § 1915(g)**

Before the Court for consideration are Marvin Green's and Nathaniel Wilmoth's (1) second motion for extension of time to amend the complaint (ECF No. 38 (the Second Motion for Extension); and (2) proposed amended complaint (ECF No. 39). For the reasons explained below, the Second Motion for Extension is DENIED, the proposed amended complaint is DISMISSED, and this case is DISMISSED.

**I.     DISCUSSION**

In the Court's January 8, 2021 order screening Plaintiffs' complaint filed pursuant to 42 U.S.C. § 1983, the Court granted them leave to amend their claims within 21 days. (ECF No. 26.)

On February 12, 2021, this Court entered an order that, *inter alia*, granted Marvin Green's, Nathaniel Wilmoth's, and Thomas Pruitt's January 25, 2021 motion for extension to amend their claims. (ECF No. 34.) Three days after their amendment deadline expired, Green and Wilmoth filed a motion on March 8, 2021 for a 20-day extension to amend their claims, (ECF No. 35.) Their motion claimed that "the mail [enclosing the Court's February 12, 2021 order] was received [from the Clerk of Court] on Monday, March 2, 2021." (*Id*. at PageID 209.) On March 11, 2021, the Court granted their motion and afforded them leave to amend on or before March 26, 2021. (ECF No. 36 at PageID 212.)

On April 2, 2021, Green and Wilmoth filed a motion seeking a 14-day extension to amend. (ECF No. 38.) They seek this additional time because "the Transition Center moved Plaintiffs from Phase III to Phase II." (ECF No. 38 at PageID 218.) Their untimely motion states that they would receive their legal files from Transition Center personnel "within 14 days," and "if not[,] Plaintiffs will submit another amended complaint within 14 days." (*Id*. at PageID 219.) On April 7, 2021, Green and Wilmoth filed a proposed amended complaint. (ECF No. 39.)

Given that (1) Plaintiffs have had the opportunity to amend their complaint since January 2021 (*see* ECF No. 26), and (2) their latest request to again prolong this litigation fails to show good cause for further extension to amend, the Court DENIES their April 2, 2021 motion for extension. (ECF No. 38.) Their motion offers no factual allegations suggesting a plausible basis for needing more time, such as (1) the date on which Green and Wilmoth were moved or (2) why they need to "restart the [amendment] process," *see id*. at PageID 218. Plaintiffs have known since mid-March 2021 of their duties as litigants if they wished to amend. (*See* ECF No. 36.)

Aside from the untimeliness of Green and Wilmoth's Second Motion for Extension, its failure to demonstrate good cause for their request, and their failure to timely comply with the

2

deadlines established by their Court, their putative amendment (ECF No. 39) fails to state a claim to relief. Its pleading insufficiencies underscore the propriety of the dismissal ruling in this order.

Green and Wilmoth's amendment asserts a "challeng[e] [to] the constitutionality of Tennessee Department of Correction Administrative Policies and Procedures" because: (1) "the Grievance Chairperson refused to process grievances" (ECF No. 39 at PageID 221-22); (2) Plaintiffs were "restricted from reporting back to their job assignment [and] … college courses" (*id*. at PageID 223-25); and (3) Defendants retaliated against Plaintiffs for filing the instant litigation. (*Id*. at PageID 231-33.) None of these contentions state a claim upon which relief could be granted.

First, an inmate's allegation that a defendant failed to follow TDOC administrative policies governing disciplinary proceedings does not, in and of itself, rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). After *Sandin v. Conner*, 515 U.S. 472, 484 (1995), it is even clearer that mandatory language in prison regulations does not create a liberty interest protected by the Due Process Clause. *Rienholtz v. Campbell*, 64 F. Supp. 2d 721, 729-30 (W.D. Tenn.), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (citation omitted)). "A state has no federal due process obligation to follow all of its grievance procedures." *Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (citation omitted). Therefore, § 1983 does not provide a remedy for violations of state laws or regulations, *see Lewellen v. Metro. Gov't of Nashville and Davidson Cnty.*, 34 F.3d 345, 347 (6th Cir. 1994), and "[t]here is no inherent constitutional right to an effective prison grievance procedure" in the first place. *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citation omitted).

Second, Green and Wilmoth have no Fourteenth Amendment property or liberty interest in any prison job. The loss of a prison job or the ability to participate in rehabilitative or educational

3

programs does not violate the Constitution. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs"). There is no property or liberty interest in prison employment. *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989). "[N]o prisoner has a constitutional right to a particular job or to any job." *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987).

Finally, Green and Wilmoth contend that Defendants retaliated against them for filing the present lawsuit by "approv[ing] [P]laintiffs to be terminated from the work release center" and convicting them on disciplinary charges. (ECF No. 39 at PageID 233.) A claim of retaliation has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). "Protected conduct, for the purposes of a First Amendment retaliation claim, encompasses a prisoner's efforts to access the courts in ... civil rights claims." *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). "[P]risoners are expected to endure more than the average citizen," and so not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities. *See White v. Stephens*, No. 13-2173, 2015 WL 6038014, at *6 (W.D. Tenn. Aug. 28, 2015). Conduct that "would not deter a person of 'ordinary firmness' from pursuing constitutional grievances," *see id.*, does not rise to the level of unconstitutional retaliation. Applying these principles, the (1) removal of Green and Wilmoth from the work release program and (2) the disciplinary hearing against them do not constitute adverse actions for § 1983 retaliation purposes. Neither event inhibited Plaintiffs' access to the courts or deterred them from pursuing

4

their case.  Green and Pruitt filed the instant litigation in September 2020 -- *i.e.*, over six months before the purported retaliation occurred.  (*See* ECF No. 1; ECF No. 39 at PageID 231-33.)

Accordingly, aside from the Second Extension Motion's (ECF No. 38) failure to show cause for extension, it is also futile.  Plaintiffs' purported amendment (ECF No. 39) **fails to state any claims on which relief can be granted**.

## II.   CONCLUSION

For all of the reasons stated above:

(1) Green and Wilmoth's motion for extension (ECF No. 38) is **DENIED**.

(2) Green and Wilmoth's proposed amended complaint (ECF No. 39) is **DISMISSED WITH PREJUDICE** as untimely, and this case is **DISMISSED** in its entirety.[1]  In any event, their amended pleading also fails to state a claim upon which relief could be granted.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(3) Further leave to amend under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) is **DENIED**. The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid dismissal under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq.* (the "PLRA").  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that

---

[1] Plaintiffs Marvin Green, Thomas Pruitt, and Nathanial Wilmoth paid their respective shares of the civil filing fee in December 2020.  (ECF Nos. 12-14.)  The Court dismissed their complaint on January 8, 2021.  (ECF No. 26.)  The three Plaintiffs' deadline to amend their claims expired on March 5, 2021.  (ECF No. 34.)  Pruitt has taken no measures to prosecute his claims, subsequent to the Court granting the three Plaintiffs' January 25, 2021 motion for extension to amend.  (*Id.*)  Pruitt did not sign Green and Wilmoth's instant motion to amend.  (ECF Nos. 38 & 39.)  Therefore, because Pruitt's claims were among those screened and dismissed on January 8, 2021 (ECF No. 26), and he has failed to prosecute his claims in this case, dismissal of this case in its entirety is appropriate.  *See* Fed. R. Civ. P. 41(b).

under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")).  In preferring "liberality" in allowing amendment at the screening stage under the PLRA, *see Lucas*, 785 F. App'x at 292, the Sixth Circuit has stated that "[i]f it is at all possible that the party ... can ... state a claim for relief, the court should dismiss with leave to amend." *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011)).  Even so, this Court has inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *see Murphy v. United States*, No. 05-2407, 2005 WL 1923165, at *1 (W.D. Tenn. Aug. 1, 2005) (citation omitted), and the Court has already afforded Green and Wilmoth ample opportunity to amend their complaint.  Their untimely effort to do so (ECF No. 39) still fails to state a claim for relief.  So here, the Court finds that further amendment would be futile.  *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001).

   (4) Under Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court has to also consider whether an appeal by Plaintiffs here would be taken in good faith.  *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999).  Under Rule 24(a), if the district court permits a party to proceed *in forma pauperis*, that party may also proceed on appeal *in forma pauperis* without further authorization.  That is, unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)(A).  If the district court denies pauper status, the party may move to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)–(5).  The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  And the test for whether a party appeals in good faith is if the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  "It would be inconsistent for a court to determine that a

complaint should be dismissed prior to service on Defendants but has sufficient merit to support an appeal *in forma pauperis.*" *DePriest v. Prestress Servs., Inc.*, No. 13-2768-JDT-cgc, 2014 WL 1269933, at *1 (W.D. Tenn. Mar. 27, 2014) (citing *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983)).  For the same reasons this Court finds that Green and Wilmoth's putative amendment (ECF No. 39) fails to state a claim, the Court finds that an appeal would not be taken in good faith.  The Court therefore **CERTIFIES**, under Federal Rule of Appellate Procedure 24(a), that any appeal here by Green and Wilmoth would not be taken in good faith.  And the Court **DENIES** leave to proceed on appeal *in forma pauperis*.  If Green and Wilmoth appeal, they must pay the full $505 appellate filing fee or move for leave to appeal *in forma pauperis* with a supporting affidavit in the Sixth Circuit.  *See* Fed. R. App. P. 24(a)(5).

(5)     The Court recommends that the dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

**IT IS SO ORDERED**, this 27th day of August, 2021.

      *s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE